Affirmed and Memorandum Opinion filed December 23, 2004









Affirmed and Memorandum Opinion filed December 23,
2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01147-CR

____________

 

OTIS DOUGLAS
WILSON, JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 911,203

 



 

M E M O R A N D U M  O P I N I O N

A jury found appellant Otis Douglas Wilson
guilty of the murder of Melody Williams, a/k/a Janice Brown, and sentenced him
to life in prison.  Appellant brings this
appeal, claiming the evidence was legally and factually insufficient to convict
him.  Since the facts of this case are
known to the parties, we do not recite them here.  Furthermore, because all dispositive issues
are clearly settled in law, we issue this memorandum opinion. Tex. R. App. P. 47.1.  We affirm.








We utilize the normal standards of review
in evaluating legal and factual sufficiency claims.  See Jackson v. Virginia, 443 U.S. 307,
319 (1979) (legal sufficiency);  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency);King
v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) (legal
sufficiency).  In order to obtain a
conviction for murder in this case, the State was required to prove beyond a
reasonable doubt that appellant 1) intentionally or knowingly caused the death
of Melody Williams or 2) intended to cause serious bodily injury and committed
an act clearly dangerous to human life that caused the death of Melody
Williams.  Appellant claims that the
State failed to prove beyond a reasonable doubt that he acted intentionally and
knowingly.  We disagree.

As the State correctly points out, a
defendant’s intent may be inferred from his actions, words, and conduct.  Henderson v. State, 825 S.W.2d 746,
749 (Tex. App.—Houston [14th Dist.] 1992, pet. ref’d).  The jury is entitled to consider events that
occurred before, during, or after the commission of the offense.  Id. 
Appellant testified in his defense that Williams attacked him in a
drug-induced rage and that the knife accidentally “cut” her in a “freak
accident” when he fell on her during their struggle over the weapon.  

The evidence at trial showed, however,
that Williams was cut and stabbed 23 times throughout several rooms of her
apartment.  Furthermore, no evidence was
admitted during trial that showed that appellant suffered any sort of injury as
a result of his being attacked by Williams, as he alleged.  Evidence introduced at trial also showed
that: appellant had a violent temper and had been using drugs at the time of
the offense; the assailant used not one but four deadly weapons, including
three different knives and a pair of scissors, to stab Williams; in addition to
her multiple stab wounds, Williams also suffered severe blunt-force trauma to
her head; appellant’s palm print was identified on the knife found lodged in
Williams’s body and on Williams’s bathtub; and Williams’s blood was found on
appellant’s boots.  








Taking into account the above evidence and
the fact that the jury is the sole judge of the credibility of the witnesses
and the weight to be given their testimony, we find that a rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  King, 29 S.W.3d at 562-63;
Santos v. State, 116 S.W.3d 447, 460 (Tex. App.—Houston [14th Dist.]
2003, pet ref’d).  That is, viewing the
evidence in the light most favorable to the verdict, we find that a rational
jury could have determined that appellant intended to kill Williams and that
her death was not a mistake or “freak accident,” as appellant claimed.  The evidence is therefore legally sufficient
to support appellant’s conviction.

We also find that a neutral review of the
evidence does not show that the proof of guilt is so weak that it demonstrates
that the verdict is clearly wrong and manifestly unjust; neither is the
contrary proof so strong that the reasonable doubt standard could not have been
met.  Zuniga, 144 S.W.3d at
484-85.  The evidence is therefore
factually sufficient to support appellant’s conviction.  

Appellant’s points of error are overruled;
we affirm the judgment of the trial court.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed December 23, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).